IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-03828-NYW

ZOO MED LABORATORIES, INC.,

    Plaintiff,

v.

ZOO MED LABORATORIES INC., and
HAIJIAN DU,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Zoo Med Laboratories, Inc.'s ("Plaintiff") failure to respond to this Court's order to show cause why all remaining claims should not be dismissed for failure to serve Defendant Haijian Du ("Individual Defendant"). *See* [Doc. 28 at 3]. Because Plaintiff, which is represented by counsel, failed to respond by the Court's deadline, the Court **DISMISSES** all claims against Defendant Haijian Du.

### LEGAL STANDARD

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *cf.* D.C.COLO.LCivR 41.1 (providing for dismissal with or without prejudice for failure to comply with the Federal Rules of Civil Procedure). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## ANALYSIS

Plaintiff filed its Complaint and Jury Demand [Doc. 1] on December 30, 2020. Plaintiff served Defendant Zoo Med Laboratories Inc. ("Corporate Defendant") in January 2021, although Corporate Defendant never entered an appearance. [Doc. 7; Doc. 26 at 4]. In an Unopposed Motion for Leave to Serve Du Haijian by Alternative Means [Doc. 8], Plaintiff sought to serve Individual Defendant via email. [*Id.* at 5–6]. The Honorable S. Kato Crews denied the request without prejudice because Plaintiff failed to show that Individual Defendant was "currently in a foreign country such that service by email would comport with due process." [Doc. 13]. Although Judge Crews granted leave to refile, [*id.*], Plaintiff did not do so, and, by the time Judge Crews recommended that default judgment be entered against the defaulted Corporate Defendant, [Doc. 26], it did not appear that Plaintiff had made any effort to serve Individual Defendant or to renew its request for alternative service. *See* [*id.* at 1 n.1].

On February 28, 2023, this Court adopted Judge Crews's Order & Recommendation, *see* [Doc. 28; Doc. 26], and granted Plaintiff's Amended Motion for Default Judgment [Doc. 22]. In the Order Adopting Magistrate Judge's Recommendation, the Court entered default judgment against Corporate Defendant. [Doc. 28 at 2–3]. Additionally, the Court ordered Plaintiff to show cause, on or before March 7, 2023, as to why its claims against Individual Defendant should not be dismissed without prejudice under Rule 4(m) for failure to serve. [*Id.* at 3]. Plaintiff has not responded to the Court's directive and has, as a result, necessarily failed to demonstrate good cause for its failure to serve Individual Defendant.

Under Rule 4(m), the Court "*must*," either on motion or sua sponte after notice to Plaintiff, "dismiss the action without prejudice against [an unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Having considered the status of

this litigation, which is essentially concluded due to the entry of default judgment, [Doc. 29], the Court finds that Plaintiff's claims against Individual Defendant should be dismissed without prejudice under Rule 4(m).  The Court is charged with employing the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Despite the Court's warning that its claims against Individual Defendant were subject to dismissal absent a showing of good cause, Plaintiff—which is represented by counsel—did not respond to the Court's order.  Plaintiff has obtained a default judgment against Corporate Defendant, and it does not appear that Plaintiff intends to proceed against Individual Defendant.  Accordingly, Plaintiff's claims against Individual Defendant are **DISMISSED without prejudice** for failure to serve under Rule 4(m).  *See Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 516 (10th Cir. 2015) (affirming Rule 4(m) dismissal where plaintiff "failed to respond to the order to show cause, and . . . had not effected service").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) The claims against Individual Defendant are **DISMISSED without prejudice** for failure to serve under Rule 4(m); and

(2) The Clerk of the Court is **DIRECTED** to **TERMINATE** this case.

DATED:  June 23, 2023                                                              BY THE COURT:

_____
Nina Y. Wang
United States District Judge